

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5429 | DATE | September 27, 2010 |
| CASE TITLE | Darnell Fields (#2009-1129157) v. Citibank Corp & Management, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The complaint, however, is dismissed for lack of jurisdiction. This case is closed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Darnell Fields, an inmate at Cook County Jail, filed this federal suit against Citibank and Eva Lopez, a Citibank teller. Plaintiff states that he deposited a settlement check for $22,000 at Citibank, the bank forwarded a debit card to his home address, and money was allegedly stolen from his account. He contends that he forwarded letters to Lopez to resolve the matter, but the issue has not been resolved.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the filing fee or an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, his complaint must be dismissed for want of jurisdiction. Plaintiff cites to no federal law to support his claim, and this court cannot discern a basis for federal jurisdiction in this case.
**(CONTINUED)**

isk



Neither a bank, nor its teller, is a state actor to support a civil rights claim under 42 U.S.C. § 1983. *See Davis v. Union Nat'l Bank*, 46 F. 3d 24, 25 (7th Cir. 1994); *see also Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) (to state a civil rights claim, a plaintiff must that a state actor violated his constitutional rights). Nor does there appear to be a federal statute or regulation to support a federal cause of action. Under 12 U.S.C. § 632, the elements for federal jurisdiction for claims involving a banking issue are: 1) the suit involves a civil issue; 2) one of the parties at interest is a corporation organized under the laws of the United States; and 3) the suit arises out of a transaction involving international or foreign banking. See *First National Bank of Joliet v. Promatek Medical Systems, Inc.*, 870 F. Supp. 234, 237 (N.D. Ill. 1994) (Andersen, J.); *Consorcio de Fomento Industrial S.A. v. First National Bank of Chicago*, 1993 WL 291706 (N.D. Ill. Aug. 3, 1993) (Holderman, J.). Plaintiff's claim does not involve international or foreign banking. Plaintiff may have a state law claim of conversion, negligence, or violation of the Uniform Commercial Code as adopted by Illinois. *See* 810 Ill. Comp. Stat. 5/1-101, *et seq.* However, such claims are governed by Illinois law and should be brought in state court. Lastly, there appears to be neither diversity between Plaintiff and the Defendants, nor more than $75,000 in damages to support a federal suit based upon diversity jurisdiction. *See* 28 U.S.C. § 1332(a)

While the Court is required to construe a *pro se* complaint liberally, and although Plaintiff paints an unfortunate situation, the Court discerns no basis for federal jurisdiction in this case. Accordingly, the Court dismisses this case for lack of jurisdiction and without prejudice to Plaintiff bringing his claim in state court.

*Wm. J. Hibbler*